UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE L. JOHNSON,

                              Plaintiff,              07-CV-647

_____v.                                    **DECISION
                                                     and ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security

                              Defendant.

## Introduction

Plaintiff George L. Johnson ("Plaintiff") brings this action pursuant to the Social Security Act §205(g) as amended (42 U.S.C. §405(g)), seeking review of the decision of the Administrative Law Judge ("ALJ") J. Robert Brown, denying his application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Specifically, Plaintiff alleges that the decision of the ALJ denying his application for benefits was against the weight of the substantial evidence in the record and contrary to applicable legal standards.

Plaintiff  moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)"), on grounds that the Commissioner's decision was erroneous.  The Commissioner cross-moves for judgment on the pleadings on grounds

_____

[1]This case was transferred to the undersigned by the Honorable William M. Skretny, United States District Court for the Western District of New York by Order dated February 8, 2009.

that the ALJ's decision was supported by substantial evidence in the record and is based upon the application of correct legal standards. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's motion for judgment on the pleadings.

## Background

On June 23, 2004, Plaintiff, at the time 33 years old and unemployed, filed an application for DIB and SSI under Titles II and XVI of the Social Security Act ("the Act") respectively, claiming a disability since September 15, 2003, due to scoliosis, congenital abnormalities, and on-the-job back injuries with resulting disc herniations and disc bulge with associated neural foraminal stenosis. Plaintiff is a high school graduate and had completed one year of college. (T. 47, 405, 433). Plaintiff's past relevant work experience included work as a certified nurse assistant ("CNA") and a telemarketer/customer service representative. (T. 435-36).

Plaintiff had two work-related injuries in June 2003 and September 2003. (T. 436-37). Both injuries occurred while he was working as a CNA and he prevented two patients from falling on the ground. Following his second work injury, Plaintiff was seen by a

chiropractor, and went to physical therapy twice a week. (T. 438).

Plaintiff's application for benefits was denied by the Social Security Administration initially on October 6, 2004. Plaintiff filed a timely request for hearing on October 15, 2004. Thereafter, Plaintiff appeared, with counsel, at an administrative hearing before ALJ J. Robert Brown on July 14, 2006. James Ryan, a vocational expert, also appeared and testified at the hearing. In a decision dated October 20, 2006, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary, unskilled work that exists in significant numbers in the national economy and, therefore, was not disabled. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council affirmed it on August 16, 2007. On September 28, 2007, Plaintiff filed this action.

## **Discussion**

### I. **Jurisdiction and Scope of Review**

42 U.S.C. §405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. "Substantial evidence" is "more than a mere scintilla [of evidence]; it means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Lamay v. Commissioner of Social Sec., 562 F.3d 503 (2d Cir. 2009).

Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing court does not try a benefits case de novo). Nevertheless, the Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 55 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

Plaintiff asserts that the ALJ's decision was against the weight of the substantial evidence contained in the record, was arbitrary and capricious, and contained legal errors. Accordingly, Plaintiff moves for judgment on the pleadings pursuant to Rule 12(c). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and cross-moves for judgment on the pleadings pursuant to Rule 12(c).

Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d

Cir. 1988).  In deciding a motion for judgment on the pleadings, the Court applies the "same standard as that applicable to a motion to dismiss for failure to state a claim, accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party."  King v. American Airlines, Inc., 284 F.3d 352 (2d Cir. 2002).  A party's motion will be dismissed if, after a review of the pleadings, the Court is convinced that the party does not set out some factual allegations that are "enough to raise a right to relief beyond the speculative level."  Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007).

Judgment on the pleadings is appropriate if it is apparent from the pleadings that the party is entitled to judgment as a matter of law.  Burns Intern. Sec. Services, Inc. V. International Union, 47 F. 3d 14 (2d Cir. 1995).  The moving party is entitled to judgment as a matter of law "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 212 (2d Cir. 2001) (quoting Fed.R.Civ.P. 56(c) and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  In a Social Security benefits proceeding, a Plaintiff will prevail on a Rule 12(c) motion if the record contains persuasive proof of disability and remand for further evidentiary proceedings would serve no further purpose.  See Carroll v. Secretary of Health and Human Serv., 705 F.2d 638, 644 (2d Cir. 1981).  The Commissioner

will prevail if the Court finds that "there was substantial evidence to support the Commissioner's denial of benefits." Burgess v. Astrue, 537 F.3d 117 (2d Cir. 2008).


II.      **The ALJ applied the correct legal standard in denying Plaintiff benefits.**

In finding that Plaintiff was not disabled within the meaning of the Act, the ALJ adhered to the Social Security Administration's Five-step sequential evaluation process for evaluating applications for disability benefits set forth at 20 C.F.R. § 404.520. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). First, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the ALJ then moves to Step Two, and considers whether the claimant has a "severe impairment" which significantly limits his ability to do basic work activity. If the claimant has such an impairment, the ALJ at Step Three considers whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1, Part 404, Subpart P. If the claimant does not have a listed impairment, the ALJ moves to Step Four, and inquires whether, despite the claimant's impairment, he has the RFC to perform his past work. If he is unable to perform his past work, the ALJ determines whether there is other work which the claimant can perform. If there is no other work which the claimant can perform in the economy, the ALJ determines

that the claimant is disabled and therefore entitled to benefits. Berry, 675 F.2d at 467.

In the instant case, under Step One of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. (T. 17). At Steps Two and Three, the ALJ concluded that because Plaintiff's scoliosis and degenerative disc disease did not result in motor or sensory deficits, and because Plaintiff was able to ambulate effectively without the need of an assistive device, Plaintiff's impairments were severe within the meaning of the Regulations, but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of the Regulations. (T. 17, 18).

At Step Four, the ALJ concluded the Plaintiff did not have the RFC to perform his past work as a CNA (work that is classified as medium to heavy) and therefore, Plaintiff was unable to perform his past relevant work. (T. 19). At Step Five the ALJ determined that Plaintiff has the RFC to perform at least sedentary, unskilled work. Because the ALJ found that Plaintiff could perform sedentary work, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act.

Plaintiff claims that the ALJ erred in finding that Plaintiff had the RFC to perform sedentary work and that Plaintiff was not entirely credible. Plaintiff also claims that the ALJ made an

inconsistent determination that Plaintiff had the RFC to perform sedentary work, yet did not have the RFC to perform past relevant work when that included sedentary work as a telemarketer/customer service representative. The Commissioner contends that the ALJ's determination was supported by substantial evidence in the record, including medical evidence and evidence regarding Plaintiff's credibility. The Commissioner concedes that the ALJ erred at Step Four of the analysis, when he found that Plaintiff did not have the RFC to perform past relevant work. However, the Commissioner contends that this error was harmless because the ALJ correctly found that Plaintiff was not disabled at Step Five.

A.       **The ALJ's determination that Plaintiff is not disabled is supported by the medical evidence in the record.**

Plaintiff contends that the ALJ improperly found that he was capable of sedentary work because the objective medical evidence does not support that conclusion. Plaintiff points to recommendations made by Drs. Hamill and Capicotto for surgery to correct his disc herniations and scoliosis, and a statement made by Dr. Hamill on March 7, 2005 that the Plaintiff was "quite debilitated by his condition." (T. 228, 397, 391). Plaintiff concludes that the ALJ improperly failed to consider this evidence, which supports his contention that he is incapable of sedentary work. The Commissioner contends, however, that the ALJ considered all of the Plaintiff's symptoms of back pain and dizziness, to the

extent which they could reasonably be accepted as consistent with the objective medical evidence and other evidence. (T. 18). The Commissioner states that the substantial evidence in the record supports the ALJ's decision that Plaintiff is capable of sedentary work, and therefore is not disabled.

Treating source records support the ALJ's determination that Plaintiff is able to perform sedentary work. In October 2003, one month after Plaintiff's alleged disability onset date, treating physiatrist Dr. Cowan released Plaintiff for light duty work. (T. 145). Plaintiff's pilates rehabilitation treatment records show that Plaintiff "made good progress" (T. 112). On January 7, 2004, Dr. Cowan felt that Plaintiff only had "a mild degree of disability regarding his lumbar spine." (T. 142). At that time, the doctor only restricted Plaintiff with respect to his job as a CNA, stating that Plaintiff should "avoid patient transfers" and "is really suitable only for light duty types of work." (Id.). Dr. Cowan never prohibited Plaintiff from sedentary work and even opined that he could do "light" work. (Id.).

Examining source records also support the ALJ's finding that Plaintiff is not disabled. In September 2004, consultative physician Dr. Holland opined that Plaintiff had "a moderate limitation to heavy lifting, twisting, and prolonged standing." (T. 157). Such restrictions would not preclude Plaintiff from performing the requirements of sedentary work, as sedentary work

does not require heavy lifting, twisting, or prolonged standing. 20 C.F.R. §§ 404.1567(a), 416.967(a).

Other evidence also supports the ALJ's finding that Plaintiff was able to perform sedentary work. On January 24, 2006 Plaintiff was seen at the Roswell Park Cancer Institute where he complained of vertigo and dizziness. (T. 402-403). Plaintiff was examined again in March 2006 and was assessed a score of 90 on the Karnofsky Scale, which indicates that he had only minor symptoms. (T. 399). A score of 90 means that Plaintiff was able to work and carry on normal activity and nearly normal functioning. (Id.). In February and March 2006, Dr. Hamill noted that Plaintiff was in no apparent distress. (T. 393, 391). Although Dr. Hamill discussed surgical intervention with Plaintiff, he also suggested non-surgical alternatives which Plaintiff disregarded. (T. 391-92). I find that the ALJ correctly determined, from the medical evidence in the record, that Plaintiff is not disabled.


B.   **The ALJ's determination that Plaintiff's limitations were not fully credible is supported by evidence in the record.**

Plaintiff contends that the ALJ wrongfully disregarded his testimony regarding his limitations with prolonged sitting and his need to lie down during the course of the day. In support of this claim, Plaintiff cites Social Security Ruling 96-7P: Policy Interpretation Ruling for Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's

Statements, which sets forth a list of factors that an adjudicator must consider when assessing the credibility of an individual's statements.  Plaintiff contends that the ALJ's credibility finding was neither grounded in the evidence, nor properly articulated in his decision, as required by the policy ruling.

In determining that Plaintiff was not disabled, the ALJ considered Plaintiff's testimony regarding his symptoms.  In evaluating the Plaintiff's credibility, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged by Plaintiff, but that the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible.  (T. 18).  The ALJ found that Plaintiff's testimony as to his debilitating pain was not supported by the objective medical evidence because the treatment notes from Dr. Rodriguez show that his pain was at the mild to moderate level and responded to treatment.  (Id.).  This is also consistent with the report from Dr. Holland, stating that Plaintiff could not perform heavy lifting or prolonged standing or walking.  (Id.).  When Plaintiff stopped attending pilates rehabilitation, he indicated that he could sit for as long as he liked and walk up to a mile.  (T. 114).  This is consistent with the ability to perform the requiremetns of sedentary work.  See 20 C.F.R. §§ 404.1567(a), 416.967(a).  The ALJ concluded that while Plaintiff suffers from pain, the intensity

of the pain would not preclude the performance of at least sedentary work. (Id.). Also, Dr. Cowan opined that plaintiff had only a "mild degree of disability regarding his lumbar spine" and that he could do light duty work. (T. 142).

I find that the ALJ properly determined that Plaintiff was not entirely credible. Plaintiff's subjective complaints of pain and related limitations were not supported by the medical evidence. The record also contained Plaintiff's inconsistent descriptions of his marijuana use. In September 2004 Plaintiff wrote on a form that he does not use any recreational drugs. (T. 72-73). That same month, however, he indicated to Dr. Holland that he has used marijuana continuously since 1988. (T. 155). During the same period, chiropractic treatment notes show that Plaintiff denied using any drugs (T. 202). Plaintiff also submitted records from Erie County Medical Center, which also confirm that he used marijuana. (T. 100). The ALJ properly considered this inconsistent testimony in weighing the credibility of Plaintiff's testimony regarding his symptoms.

C. **The ALJ erred at Step Four in finding that Plaintiff did not have the RFC to perform past relevant work.**

Plaintiff claims that the ALJ erred in finding that Plaintiff had the RFC to perform sedentary work, when at Step Four the ALJ found that Plaintiff did not have the RFC to perform past relevant work which included sedentary work as a telemarketer/customer

service representative. (T. 55, T. 447). The Commissioner contends that this oversight had no significant impact upon the ALJ's ultimate decision because the ALJ correctly determined at Step Five that Plaintiff was not disabled, although his analysis should have stopped at Step Four by finding that Plaintiff did have the RFC to perform past relevant work. While the ALJ did err in failing to consider Plaintiff's past relevant work as a telemarketer/customer service representative, the error is harmless because it does not affect the outcome or validity of the ALJ's determination. See Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (finding that it is appropriate to supply a missing dispositive finding on account of harmless error where based on material the ALJ did consider, no reasonable administrative factfinder, following the correct analysis, could have resolved the matter in any other way), Getch v. Astrue, 539 F.3d 473 (7th Cir. 2008) (holding that the ALJ's failure to consider at Step Four of the analysis whether claimant could return to his past relevant work was not harmless, where the ALJ did not conduct Step Five of the analysis to determine whether claimant could perform other jobs in the national economy), Cf. Barringer v. Comm'r of Soc. Sec., 358 F.Supp.2d 67, 83 n. 26 (N.D.N.Y. 2005) (noting that an ALJ's incorrect rendition of facts in the record is nothing more than harmless error where his credibility assessment is amply supported by other substantial evidence), I find that the ALJ was correct in

determining that Plaintiff has the RFC to perform sedentary work, and therefore is not disabled. In making that finding, the ALJ properly relied upon the services of a vocational expert in determining the transferability of work skills and the specific jobs in which an individual's work skills can be used. 20 C.F.R. §§ 404.1566(e), 416.966(e). Here, the ALJ availed himself of the expertise of vocational expert James M. Ryan, Ph.D. with 35 years experience in his field. (T. 40).

## Conclusion

Substantial evidence in the record supports the ALJ's finding that Plaintiff was not disabled within the meaning of the Act. Therefore, I grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's motion for judgment on the pleadings. Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                    S/Michael A. Telesca
          _____
                 MICHAEL A. TELESCA
              United States District Judge

Dated:    Rochester, New York
          June 12, 2009